**IN THE COURT OF APPEALS OF IOWA**

No. 18-0115
Filed March 21, 2018

**IN THE INTEREST OF M.H.,**
**Minor Child,**

**J.H., Father,**
　　Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Dustin A. Baker of Baker Law, Dubuque, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Sandra P. Trevino of Jensen & Trevino, P.C., East Dubuque, Illinois, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to his child, born in 2017.  He contends the State failed to make reasonable efforts to reunify him with the child.

I.      ***Background Facts and Proceedings***

The department of human services became involved with the family after the child tested positive for marijuana at birth.  The parents later underwent drug testing and both tested positive for illegal substances.

When the child was a little over four weeks old, a department employee and the Dubuque Drug Task Force went to the parents' home to identify a sober caregiver for the child.  They found evidence of marijuana use on the porch.  The father would not admit the department employee into the home to check on the child's welfare.  The State sought and obtained an order temporarily removing the child from the home.  At the same time, authorities arrested and jailed the father for possession of drug paraphernalia.

Meanwhile, authorities obtained a search warrant for the home.  They found several pounds of methamphetamine and a loaded gun in a safe in the child's room.  The State added charges of possession of marijuana, possession with intent to deliver (methamphetamine), and possession of a firearm as a felon.  The father was jailed in various facilities throughout the juvenile court proceedings.

The child was adjudicated in need of assistance and remained out of the parents' home.  The State eventually petitioned to terminate parental rights to the child.  Following an evidentiary hearing, the juvenile court granted the petition.  The father appealed.

## II.    *Reasonable Efforts*

"'[R]easonable efforts' means the efforts made to preserve and unify a family prior to the out-of-home placement of a child in foster care or to eliminate the need for removal of the child or make it possible for the child to safely return to the family's home." Iowa Code § 232.102(12) (2017). "[T]he scope of the efforts by the [department] to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *Id.*

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h) and (*l*). Both provisions require proof of several elements including proof the child cannot be returned to the parent's custody. *See* Iowa Code § 232.116(1)(h)(4), 232.116(1)(l)(3). This element "implicates the reasonable effort requirement." *In re C.B.*, 611 N.W.2d at 492 (stating statutory termination grounds requiring proof child cannot be returned included reasonable efforts requirement). Because it is an element the State must prove, we reject the State's contention that the father failed to preserve error by challenging the requirement in juvenile court.

"The services required to be supplied an incarcerated parent, as with any other parent, are only those that are reasonable under the circumstances." *In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000). This court has stated:

> In determining what services are reasonable under the circumstances, the department may wish to consider some or all of

the following factors, among others, if applicable: the age of the children, the bonding the children have or do not have with their parent, including any existing clinical or other recommendations concerning visitation, the nature of parenting deficiencies, the physical location of the child and the parent, the limitations of the place of confinement, the services available in the prison setting, the nature of the offense, and the length of the parent's sentence.

*Id.*

As noted, the child was just one month old when the father was arrested and jailed in Dubuque County. The department case manager met with the father every month while he was in the Dubuque County jail. However, she could not facilitate visits with the child because the Dubuque County jail disallowed parent-child visits. She testified the father also could not gain access to other reunification services until the father's charges were resolved and he was placed in a prison setting.

Meanwhile, the father was transferred to jails in other counties. At least one of the counties had less restrictive visitation policies than Dubuque County and the father was allowed to see his child three times, albeit through glass barriers. At the time of the termination hearing, the child was seven-and-a-half months old and the case manager acknowledged the limited number of visits would have done little to preserve the bond the father developed in the month after the child's birth.

But even if the department had been able to facilitate additional visits, the prospects for reunification were slim. The father testified he recently pled guilty to federal charges of possession of methamphetamine and possession of a firearm as a felon and he expected to be sentenced to a prison term. He acknowledged the child could not be returned to his care now or any time in the near future.

In the face of the father's multiple jail transfers and divergent jail policies, we conclude the department did its best to comply with the reasonable efforts mandate. We further conclude the State satisfied its burden of proving termination under Iowa Code section 232.116(1)(h). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

**AFFIRMED.**